**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN M. ERWIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VERADIGM INC., PAUL M. BLACK, RICHARD J. POULTON, and LEAH S. JONES,<br><br>Defendants. | Case No. 1:23-cv-16205<br><br>Judge Lindsay C. Jenkins<br>Magistrate Judge Jeffrey Cole |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF GERALD HOGAN FOR**
**APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

Plaintiff Gerald Hogan ("Hogan") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) appointing Hogan as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (2) approving Hogan's selection of Glancy Prongay & Murray LLP as Lead Counsel and Pomerantz LLP as Liaison Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (3) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.      PRELIMINARY STATEMENT

This is a class action on behalf of persons who purchased or otherwise acquired Veradigm Inc. ("Veradigm" or the "Company") common stock between February 26, 2021 and December 7, 2023, inclusive (the "Class Period").

The "PSLRA provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Hogan is the "most adequate plaintiff" as defined by the PSLRA.

Hogan believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Hogan satisfies the relevant requirements of Rule 23, as his claims are typical of other class members' claims and he is committed to fairly and adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Hogan respectfully submits that he

is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Hogan's selection of Glancy Prongay & Murray LLP as lead counsel and Pomerantz LLP as liaison counsel for the class should be approved because the firms have substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

Veradigm is a healthcare technology company that offers electronic health records ("EHR"), financial management, population health management, and consumer solutions to over 300,000 U.S. healthcare providers.

On February 28, 2023, Veradigm disclosed that it "detected certain internal control failures related to revenue recognition that have occurred over the prior six quarters, resulting in a mis-statement to reported revenues during those periods." As a result, the Company reported that it expects "a reduction in revenue from continuing operations of approximately $20 million dollars in the aggregate from what it otherwise reported since the 3rd quarter of 2021 and expected to report for the 4th quarter of 2022." The Company added that it is "continuing to evaluate the materiality of the mis-statement to determine if the full amount of this adjustment will flow through in the 4th quarter of 2022 or if prior periods will also require adjustment." As a result, Veradigm revised its 2023 guidance downward and announced that it would not be filing its 2022 annual report on time.

On this news, Veradigm's share price fell $2.12, or 12.8%, to close at $14.49 per share on March 1, 2023, thereby injuring investors.

Then, on March 22, 2023, Veradigm disclosed that it was expanding its "transaction testing and time periods to which they are being applied" to "ensure that any prior errors are

2

fully quantified and corrected." The Company further disclosed that the cumulative impact of its corrections "will increase to approximately $40 million" and that "the impact for 2021 will require a restatement of the Company's financial statements as of and for the year ended December 31, 2021." The Company also decreased its 2023 revenue guidance by $10 million.

On this news, Veradigm's stock price fell $0.39, or 2.9%, to close at $12.98 per share on March 22, 2023.

Then, on June 13, 2023, Veradigm announced that it had identified additional revenue misstatements dating back to fiscal 2020, further disclosing that its internal review regarding accounting and internal control errors would take longer than previously stated. The Company disclosed that it would be unable to timely file its fiscal 2022 annual report.

On this news, Veradigm's stock price fell $0.53, or 4.4%, to close at $11.49 per share on June 14, 2023.

On December 8, 2023, Veradigm issued a press release stating that both its Chief Executive Officer and its Chief Financial Officer had been forced to resign at the request of Veradigm's Board of Directors. The release stated that the resignations were the direct result of the investigation by the Audit Committee of the Board into the accounting proprieties that form the subject of this case. The release also suggested that the scope of the historical misstatements of Veradigm's financial reporting may be larger than previously disclosed. On this news, the price of Veradigm stock closed down more than 20% on December 8, 2023 on heavy trading volume.

The complaint filed in this action alleges that the Defendants made materially false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that:

3

(1) Veradigm had overstated its historical revenues by at least $20 million; (2) Veradigm had artificially inflated its revenue by recording duplicate transactions, among other things, over a more than two-year period; (3) Veradigm had artificially inflated its earnings and margins and materially misrepresented demand for the Company's products and services during the Class Period; (4) Veradigm had failed to maintain effective internal controls over its financial reporting; (5) Veradigm had failed to comply with Generally Accepted Accounting Principles ("GAAP") regarding appropriate revenue recognition practices; and (6) as a result, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis at all relevant times.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Hogan and other members of the class have suffered significant losses and damages.

## III.    ARGUMENT

### A.    Hogan Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Hogan satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Hogan has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Hogan is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the class. Accordingly, Hogan respectfully submits that he should be appointed lead plaintiff. *See In re Boeing Co. Aircraft Sec. Litig.*, No. 19 Civ. 2394, 2019 WL 6052399, at *2 (N.D. Ill. Nov. 15, 2019); *see also Maiden v. Merge Techs., Inc.*, No. 06 Civ. 349, 2006 WL 3404777, at *4 (E.D. Wis. Nov. 21, 2006) ("Because it has the largest financial interest in this litigation and meets the adequacy and typicality requirements of Rule 23, [movant] is presumptively entitled to lead plaintiff status.").

### 1.    Hogan Filed Timely Motion

Hogan has hereby made a timely motion in response to a PSLRA early notice. On November 22, 2023, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with this action. *See* Motion, Ex. A. Therefore, Hogan had sixty days (until January 22, 2024) to file a motion to be appointed as lead plaintiff. As a purchaser of Veradigm securities

5

during the Class Period, Hogan is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his certification, Hogan attests that he has reviewed the complaint, and is willing to serve as a representative of the class. *See* Motion, Ex. B. Accordingly Hogan satisfies the first requirement to serve as lead plaintiff for the class.

### 2. Hogan Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Hogan believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and are presumed to be the "most adequate plaintiff."

Hogan purchased Veradigm securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of $25,429.11. *See* Motion, Ex. C. To the best of his knowledge, Hogan is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Hogan believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class.

### 3. Hogan Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23

6

of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

At this stage of the litigation, however, a movant need only make a "preliminary showing" that he satisfies the typicality and adequacy requirements of Rule 23. *See Chandler v. Ulta Beauty, Inc.*, No. 18 Civ. 1577, 2018 WL 3141763, at \*5 (N.D. Ill. June 26, 2018); *In re Groupon Sec. Litig.*, No. 12 Civ. 2450, 2012 WL 3779311, at \*3 (N.D. Ill. Aug. 28, 2012) (only a "preliminary showing" of typicality and adequacy is required).

### a) Hogan's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a representative plaintiff's claims "arise[] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Cap, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983); *accord Ulta Beauty*, 2018 WL 3141763, at \*5.

Hogan's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Hogan alleges that Defendants' material misstatements and omissions concerning Veradigm's business, operations, and financial prospects violated the federal securities laws. Hogan, like all members of the class, purchased Veradigm securities in reliance on Defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Hogan's interests and claims are "typical" of the interests and claims of the class.

7

**b)** **Hogan Is an Adequate Representative**

The adequacy requirement is satisfied where the representative plaintiff does not have any conflicts of interest with other class members and the plaintiff and his counsel will vigorously prosecute the case. *See Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 580 (N.D. Ill. 2005).

Hogan resides in Winnipeg, Canada, and has approximately 14 years of experience managing his own portfolio. Hogan is an accountant and a certified CPA. Hogan has also demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action. Hogan is not aware of any conflict between his claims and those asserted on behalf of the class. As such, Hogan is adequate to represent the class, and should be appointed as lead plaintiff.

**B.** **The Court Should Approve Lead Plaintiff's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Here, Hogan has selected Glancy Prongay & Murray LLP as lead counsel and Pomerantz LLP as liaison counsel. The firms have successfully prosecuted numerous class actions on behalf of injured investors. As reflected by the firms' résumés, *see* Motion, Exhibits D and E, the Court may be assured that in the event this Motion is granted, the members of the class will receive the highest caliber of legal representation. Accordingly, the Court should approve Hogan's selection of counsel.

## IV. CONCLUSION

For the foregoing reasons, Hogan respectfully requests that the Court grant his Motion and enter an Order (1) appointing Hogan as Lead Plaintiff; (2) approving Hogan's selection of Glancy Prongay & Murray LLP as Lead Counsel and Pomerantz LLP as Liaison Counsel for the class; and (3) granting such other relief as the Court may deem just and proper.

Dated: January 22, 2024

Respectfully submitted,

By: s/ *J. Alexander Hood II*

J. Alexander Hood II
**POMERANTZ LLP**
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
ahood@pomlaw.com

*Liaison Counsel for Gerald Hogan and Proposed Liaison Counsel for the Class*

Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Gerald Hogan and Proposed Lead Counsel for the Class*

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel*