**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN M. ERWIN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:23-cv-16205 |
| | ) | <u>CLASS ACTION</u> |
| Plaintiff, | ) ) | |
| | ) | Hon. Lindsey C. Jenkins |
| vs. | ) ) | |
| VERADIGM INC., *et al*., | ) ) | |
| Defendants. | ) ) | |

**RESPONSE TO THE MOTION OF GERALD HOGAN**
**FOR APPOINTMENT AS LEAD PLAINTIFF AND IN FURTHER SUPPORT OF**
**THE MOTION OF ALAMEDA COUNTY EMPLOYEES' RETIREMENT**
**<u>ASSOCIATION FOR APPOINTMENT AS LEAD PLAINTIFF</u>**

Pursuant to the Court's January 24, 2024 Order (ECF No. 25), Alameda County Employees' Retirement Association ("ACERA") respectfully submits this response to Gerald Hogan's ("Hogan") motion for appointment as Lead Plaintiff (ECF No. 17) ("Hogan Motion" or "Hogan Mot.") and in further support of its own motion for appointment as Lead Plaintiff and approval of its selection of Lead Counsel (ECF No. 20) ("ACERA Motion" or "ACERA Mot.") as ACERA and Mr. Hogan were not able to agree on who the Court should appoint as Lead Plaintiff.[1]  ACERA is unequivocally the "presumptive lead plaintiff" under the federal securities laws.  Further, Mr. Hogan's counsel has refused to share the bases of Mr. Hogan's expected arguments that ACERA is subject to "unique defenses," frustrating the very purpose of the Court's January 24, 2024 Order requiring the movants to confer to see if agreement can be reached on which movant should be appointed as Lead Plaintiff.

## I.      ACERA IS THE PRESUMPTIVE LEAD PLAINTIFF

Both ACERA and Mr. Hogan agree that the Private Securities Litigation Reform Act of 1995 (the "PSLRA") provides that the Court must appoint as Lead Plaintiff the "most adequate plaintiff," which is presumptively the movant that possesses the largest financial interest in the outcome of the litigation and makes a preliminary showing that it satisfies the relevant requirements of Federal Rule of Civil Procedure 23 ("Rule 23").  Hogan Mot. 1, 6-7; ACERA Mot. 1-2, 5-6; 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  *See also City of Sterling Heights Gen. Empls. Ret. Sys. v. Hospira, Inc.*, No. 11-8332, 2012 WL 1339678, at *3 (N.D. Ill. Apr. 18, 2012).  There is no doubt that ACERA is the presumptive lead plaintiff.

First, ACERA has the largest financial interest.  Its losses ***are more than thirty times the***

---

[1] As the Court noted in its January 24, 2024 Order, there are only two competing movants, ACERA and Mr. Hogan.

*losses* of Mr. Hogan, a foreign individual.[2]  In addition, ACERA purchased more Veradigm Inc. ("Veradigm") common shares on a gross and net basis and expended greater net funds than Mr. Hogan:

| Movant | Total Class Period Purchases | Net Class Period Purchases | Net Expenditures | Losses |
|---|---|---|---|---|
| ACERA | 141,343 | 135,378 | ($2,159,590) | ($794,643) |
| Hogan[3] | 7,500 | 5,500 | ($80,294) | ($25,429) |

Thus, by any relevant metric, there can be no credible dispute that ACERA has the "largest financial interest" in the relief sought by the class.  *See Hospira*, 2012 WL 1339678, at *3.

Second, ACERA also satisfies the typicality and adequacy requirements of Rule 23 and is ideally suited to represent the Class.  ACERA Mot. 6-8. Indeed, as an institutional investor, ACERA is precisely the type of investor Congress envisioned when enacting the PSLRA.  *Id*. 8-9.  *See* S. Rep. No. 104-98, at *11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 (1995) ("The committee intends to increase the likelihood that institutional investors will serve as lead plaintiffs . . . ."); H.R. Conf. Rep. No. 104-369 (Conf. Rep.), at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").  Moreover, as a public pension fund with experience successfully serving as lead plaintiff under the PSLRA, ACERA fully understands the Lead Plaintiff's obligations to the class and has the experience, resources and commitment to vigorously prosecute this action.

---

[2] Although Mr. Hogan did not submit a declaration concerning his background and qualifications to serve as Lead Plaintiff, his counsel represents that "Hogan resides in Winnipeg, Canada, and has approximately 14 years of experience managing his own portfolio.  Hogan is an accountant and a certified CPA."  Hogan Mot. 9.

[3] Mr. Hogan purchased 7,500 shares from March 8, 2021 through March 17, 2021, and sold 2,000 shares on May 9, 2022.

*See* ECF No. 21-2 (ACERA's Certification Pursuant to Federal Securities Laws).

Indeed, ACERA has proven to be a highly effective Lead Plaintiff, having recovered a total of over $826 million on behalf of investors in five securities class actions brought in the past 15 years. Specifically, it was a lead plaintiff in each of the following litigations (where at final approval of the settlements ACERA was granted awards pursuant to 15 U.S.C. § 78u-4(a)(4) or 15 U.S.C 77z-1(a)(4) in connection with its representation of the classes except for in the *Lehman Brothers* case, where ACERA did not request any such award):

- *Hayden v. Portola Pharms., Inc*., No. 3:20-cv-00367-VC (N.D. Cal.), which settled for $17,500,000;

- *In re Vale S.A. Sec. Litig.*, No. 15 Civ. 09539 (GHW) (S.D.N.Y.), which settled for $25,000,000;

- *Okla. Law Enforcement Ret. Sys. v. Adeptus Health Inc*., No. 4:17-cv-00449-ALM (E.D. Tex.), which settled for $44,000,000;

- *In re Wells Fargo Mortgage-Backed Certificates Litig*., No. 5:09-cv-01376-LHK (N.D. Cal.), which settled for $125,000,000;

- *In re Lehman Brothers Equity/Debt Sec. Litig*., No. 09-MD-2017 (LAK) (S.D.N.Y.), which settled for $615,218,000.

Moreover, ACERA has also retained Berman Tabacco, counsel with extensive experience in representing institutional investors in securities class actions resulting in billions of dollars recovered on behalf of its clients and the classes they represent. Declaration of Nicole Lavallee, submitted herewith ("Lavallee Decl.") ¶ 11. In fact, Berman Tabacco is recognized as a top securities class action law firm by *Benchmark Litigation*, *Chambers USA*, *The Legal 500*, and *Best Law Firms*. *Id*.; s*ee also* ECF No. 21-4.

Because ACERA has the largest financial interest in the litigation and has made a *prima facie* showing of its typicality and adequacy, ACERA is entitled to a presumption that it is the most adequate plaintiff.

3

## II. ACERA HAS BEEN PROVIDED WITH NO NOTICE OF EVIDENCE OF ATYPICALITY OR INADEQUACY BY MR. HOGAN'S COUNSEL

Under the PSLRA, that presumption of adequacy can only be rebutted "upon proof" that ACERA is inadequate or atypical. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such "proof" has been offered or appears to exist.

In its January 24, 2024 Order, the Court held that "If, upon reviewing the others' motion for appointment, the parties are unable to reach an agreement on who the Court should appoint, then any response to the appointment motion is due by February 7, 2024. Replies are not permitted." In compliance with this order, Berman Tabacco first reached out to counsel for Mr. Hogan on February 1, 2024, noting that ACERA should be appointed lead plaintiff given the significant disparity between their losses and inquiring whether Mr. Hogan agreed. *See* Lavallee Decl. ¶ 2. Berman Tabacco then again reached out several times to reiterate this position and ask whether Mr. Hogan intended to dispute this position, offering each time to discuss the matter further by phone, including on February 7, 2024. *Id.* at ¶¶ 3-6. Finally, Mr. Hogan's counsel responded today—on February 7 at 10:40 a.m. PT/12:40 p.m. CT—stating for the first time that it intended to oppose ACERA's motion on grounds that it is subject to "unique defenses." *Id.* at ¶ 7. When Berman Tabacco reasonably requested the basis for Mr. Hogan's assertion that ACERA is subject to unique defense in this case in order to comply with this Court's request that the parties meaningfully confer to see if an agreement could be reached, his counsel refused to provide such basis, noting that "***After you have had a chance to review our papers, if you change your mind about working together, we are happy to discuss***." *Id.* at ¶¶ 8-9 (emphasis added). Because Hogan refused to provide ACERA with the basis for his objection, ACERA can neither consider the objection being raised nor respond to it—a clear frustration of the intent of the Court's January 24, 2024 Order.

\*   \*   \*

For these reasons, ACERA respectfully requests that it be appointed Lead Plaintiff and that its selection of Berman Tabacco as Lead Counsel and Cohen Milstein Sellers & Toll, PLLC as Liaison Counsel be approved.

Dated:  February 7, 2024

Respectfully submitted,

**BERMAN TABACCO**

By:    */s/ Nicole Lavallee*
　　　　Nicole Lavallee (Admitted *Pro Hac Vice*)

Daniel E. Barenbaum (Admitted *Pro Hac Vice*)
Jeffrey V. Rocha (Admitted *Pro Hac Vice*)
425 California Street, Suite 2300
San Francisco, CA  94104
Telephone: (415) 433-3200
Email: nlavallee@bermantabacco.com
　　　　dbarenbaum@bermantabacco.com
　　　　jrocha@bermantabacco.com

*Counsel for Movant Alameda County Employees'*
*Retirement Association and Proposed Lead Counsel*
*for the Class*

**COHEN MILSTEIN SELLERS**
　**& TOLL, PLLC**
Carol V. Gilden (Ill. Bar No. 6185530)
190 South LaSalle Street, Suite 1705
Chicago, IL 60603
Telephone: (312) 357-0370
Email: cgilden@cohenmilstein.com

*Proposed Liaison Counsel for the Class*

5