**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN M. ERWIN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>VERADIGM INC., et al.,<br><br>Defendants. | ) Case No. 1:23-cv-16205<br>)<br>) <u>CLASS ACTION</u><br>)<br>) Hon. Lindsay C. Jenkins<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF NICOLE LAVALLEE IN RESPONSE TO THE MOTION OF GERALD HOGAN FOR APPOINTMENT AS LEAD PLAINTIFF AND IN FURTHER SUPPORT OF THE MOTION OF ALAMEDA COUNTY EMPLOYEES' RETIREMENT ASSOCIATION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF <u>SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL</u>**

I, Nicole Lavallee, declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner in the San Francisco office of Berman Tabacco, counsel for Movant Alameda County Employees' Retirement Association ("ACERA") and proposed lead counsel for the class. I submit this Declaration in opposition to the motion filed by Gerald Hogan for appointment as lead plaintiff and in further support of the motion of ACERA for an order (i) appointing ACERA as Lead Plaintiff and (ii) approving ACERA's selection of Berman Tabacco as Lead Counsel for the class and Cohen Milstein Sellers & Toll, PLLC as Liaison Counsel for the class (the "Motion"). Unless otherwise specifically noted, the statements made herein are made of my own personal knowledge and, if called upon, I could and would testify competently thereto.

2. Pursuant to the Court's January 24, 2024 Order (ECF No. 25) directing the Lead Plaintiff movants to confer regarding their respective motions, I telephoned Robert Prongay

("Prongay") at Glancy Prognay & Murray, LLP, counsel for Movant Gerald Hogan ("Hogan"), on February 1, 2024 at 3:00 p.m. PT/5 p.m. CT. During that conversation, I referenced the Court's January 24, 2024 Order suggesting that the parties confer to decide if they agree who should be appointed Lead Plaintiff, explained that ACERA has the largest financial interest and inquired whether, given this, Mr. Hogan intended to withdraw his Lead Plaintiff application. Mr. Prongay advised that he would speak with his team about this matter.

3.      On February 5, 2024, two days before the Court-ordered deadline to file responsive papers, I am informed and believe that my colleagues Jeffrey Rocha and Daniel Barenbaum both attempted to call Mr. Hogan's counsel. However, both calls went to a voicemail box, which was full. Accordingly, at 10:45 a.m. PT/12:45 p.m. CT that same day, my partner, Mr. Barenbaum sent an email to counsel for Mr. Hogan seeking to determine whether Mr. Hogan intended to withdraw his motion and inviting discussion.

4.      On February 6, 2024 at 11:07 a.m. PT/1:07 p.m. CT, Mr. Prongay responded to Mr. Barenbaum's February 5, 2024 email indicating that Mr. Hogan and his counsel were still considering ACERA's motion and asking for clarification as to whether ACERA intended to withdraw its motion or was opposed to proceeding as co-Lead Plaintiffs.

5.      On February 6, 2024 at 11:25 a.m. PT/1:25 p.m. CT, I responded to Mr. Prongay's email stating ACERA's position that, pursuant to the PSLRA, ACERA should be appointed sole Lead Plaintiff and its counsel should be appointed Lead Counsel but expressed a willingness to discuss further.

6.      Today, on February 7, 2024 at 10:04 a.m. PT/12:04 p.m. CT, having yet to have received a substantive response from Mr. Hogan's counsel, I sent another email asking that

Mr. Hogan's counsel respond as to whether they oppose ACERA's appointment as Lead Plaintiff and, if so, to provide us with the basis for their opposition. I again offered to discuss the matter.

7. At 10:40 a.m. PT/12:40 p.m. CT, Mr. Prongay sent an email stating that "[a]t this point we anticipate filing an opposition based on concerns we have about your client potentially being subject to unique defenses."

8. I promptly attempted to reach Mr. Prongay by telephone to discuss their concerns but was unable to speak with him. I followed up with an email at 11:16 a.m. PT/1:16 p.m. CT inquiring as to the basis for such concerns and expressing surprise to receive this response so late.

9. Mr. Prongay responded by email at 1:05 p.m. PT/3:05 p.m. CT that he did not believe that he needed to share the basis for their concerns and stated that "After you have had a chance to review our papers, if you change your mind about working together, we are happy to discuss."

10. A true and correct copy of the full email trail between counsel is attached hereto as **Exhibit A**.

11. As set forth in Berman Tabacco's Resume, a copy of which is attached as Exhibit F to my January 22, 2024 declaration in support of ACERA's Motion, Berman Tabacco is one of the country's premier class action law firms with over 40 years of experience prosecuting securities and antitrust cases. ECF No. 21-4. The firm has been consistently recognized as a "Top Plaintiffs' Firm" for its work "on behalf of individuals and institutions who have suffered financial harm due to violations of securities or antitrust laws" by *Benchmark Litigation* and has similarly been recognized as a leading firm in securities and antitrust litigation by *Chambers USA*, *The Legal 500* and *Best Law Firms*.

///

///

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 7th day of February 2024, at San Francisco, California.

/s/ Nicole Lavallee
NICOLE LAVALLEE

4