IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN M. ERWIN, Individually and on ) Case No. 23 C 16205
behalf of All Others Similarly )
Situated, )
)
                          Plaintiff,      )
)
            v.                            )
)
VERADIGM, INC., et al.,                   ) Chicago, Illinois
                                          ) January 24, 2025
                          Defendants.     ) 10:57 a.m.

TRANSCRIPT OF PROCEEDINGS - MOTION
BEFORE THE HONORABLE SHARON JOHNSON COLEMAN

APPEARANCES:

For the Plaintiff:        BERMAN TABACCO
                          BY:  MR. DANIEL E. BARENBAUM
                          425 California Street
                          Suite 2300
                          San Francisco, California  94104

                          COHEN MILSTEIN SELLERS & TOLL PLLC
                          BY:  MS. CAROL V. GILDEN
                          190 South LaSalle Street
                          Suite 1705
                          Chicago, Illinois  60603

For the Defendants:       SIDLEY AUSTIN LLP
                          BY:  MR. JOHN M. SKAKUN, III
                               MS. DESIREE MITCHELL
                          1 South Dearborn Street
                          Chicago, Illinois  60603

Court Reporter:           TRACEY D. McCULLOUGH, CSR, RPR
                          Official Court Reporter
                          219 S. Dearborn Street, Room 1232
                          Chicago, Illinois 60604
                          312.435.5570
                          tracey_mccullough@ilnd.uscourts.gov

* * * * *

PROCEEDINGS REPORTED BY STENOTYPE
TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION

(Proceedings heard in open court:)

THE CLERK:  23 CV 16205, Erwin versus Veradigm.

THE COURT:  Plaintiff. Defendant. No. Defendants. Plaintiffs.

MS. GILDEN:  That's what I thought, Your Honor.

THE COURT:  Plaintiffs by the jury box.

MS. GILDEN:  That's what I thought, Your Honor.

THE COURT:  There you go.  All right.  Go ahead. State your name.

MS. GILDEN:  Good morning.  Carol Gilden of Cohen Milstein on behalf of the lead plaintiff.  And I'd like to introduce Your Honor to my co-counsel, who's lead counsel in this matter.

THE COURT:  All right.  State your name, please, Co-counsel.

MR. BARENBAUM:  Daniel Barenbaum, Your Honor, from Berman Tabacco in San Francisco.  It's a pleasure to be here.

THE COURT:  Oh, it's a pleasure.  What's the temperature?

MR. BARENBAUM:  I have family here, so it really is a pleasure to be here.

THE COURT:  Oh, okay.  All right.  Okay.  I'll take that.

MR. BARENBAUM:  All right.

THE COURT:  All right.  Go ahead.

MR. SKAKUN: Good morning, Your Honor. John Skakun of Sidley on behalf of defendant Veradigm.

MS. MITCHELL: And Desiree Mitchell on behalf -- or from Sidley on behalf of Veradigm.

THE COURT: All right. Thank you. All right. So we have a motion here to extend the deadline for the second amended complaint, correct?

MR. BARENBAUM: Correct, Your Honor.

MS. GILDEN: That's right.

THE COURT: All right. And you want to tell me more about this? A little bit about this motion.

MR. BARENBAUM: Sure, Your Honor. So this case has been -- it's a case --

THE COURT: It's been around a little while.

MR. BARENBAUM: It was brought under the PSLRA, and lead counsel and lead plaintiff were appointed last March. The defendant -- I'll let the defendant speak to the specifics of it -- had announced that they are undergoing a restatement, and that restatement has taken a fair amount of time. But my understanding is it's progressed. Some of the language in the SEC filings has suggested sort of an expansion of breadth and depth. And for the sake of judicial economy, it makes sense from our perspective within reason to try and time the amended complaint to the filing of the restatement.

Counsel was able last time to represent that it was

his understanding, and is acting in completely good faith, I firmly believe that, that the company hoped to file their restatement in the fourth quarter of 2024. That had to be amended to the first quarter of 2025. And so our hope is to time the filing of the amended complaint to a certain number of days after the filing of the restatement.

THE COURT: And so help me out, since that's not my normal language.

MR. BARENBAUM: Of course.

THE COURT: What was the fourth quarter?

MR. BARENBAUM: Sorry. The last three months of 2024. October, November, December.

THE COURT: All right.

MR. BARENBAUM: The first quarter is the first three months of 2025.

THE COURT: All right. Thank you. All right. Also, but this matter has been pending for a while before that. This is a 2023 case, and I think we thought that things were going to move a little faster, am I correct?

MR. BARENBAUM: We did. And certainly it's our hope, and generally our hope as plaintiffs to move things fast and faster. There is from our perspective a certain logic to waiting within reason for this. Because even if you were to --

THE COURT: You want to get the numbers.

MR. BARENBAUM: Correct. Even if we were to file the

perfect complaint and we survived a motion to dismiss, the moment that the restatement came out, we'd have to amend the complaint in some way and go through that same process again. So that's why it's our position that we should try within reason to time it to the filing of the restatement, assuming that the restatement is forthcoming.

THE COURT: It's so good that you're thinking so highly of your colleagues on the other side. It looks like dragging of feet to me, unless you want to give me some other explanation.

MR. SKAKUN: Well, Your Honor, I can assure you the company is not dragging its feet.

THE COURT: All right.

MR. SKAKUN: They want desperately to be done with this restatement. They've been working on it for several years. This is a restatement of the company's financials for 2022.

THE COURT: Several years.

MR. SKAKUN: Yes. So -- and I don't want to get too far deep into the weeds, but just to give you one piece of context for why this is taking so long. This initially started because the company had put in place a software system to help with their revenue, and they discovered unfortunately that there was an error in the software that resulted in essentially a huge proportion of the transactions being recorded being

inaccurately. And undoing that and getting into the deep hood of everything that this company, and it's a big one, did for 2022 and then, of course, checking all of the earlier numbers, when did this problem start, et cetera, has taken a very long time.

It has led to other issues. We've disclosed in the SEC filings that there was an Audit Committee investigation started based on information learned while looking at the software issue, and there were some things that came out of that, including the CEO and the CFO leaving the company. And so those pieces have led to a lot of additional work I think beyond what the company originally hoped. All I can do is assure Your Honor, as I've assured, you know, opposing counsel, the company is working night and day nonstop to get this done as fast as they can.

Not everything is under the company's control, as Your Honor may well know, of course. The company -- a public company needs to have an auditor sign off on their financials, and auditors want to make sure that they can, in fact, trust the numbers, especially when there's been an issue like this with the software.

So we are working very, very hard. I do believe and have been told recently the Q1 target remains I think firmly believed in by the company. At this point they are obviously cognizant that they have missed deadlines before and don't want

to miss another one. That's the best I can give Your Honor.

THE COURT: Okay. I will take you at your word, as you are representing what you believe is happening with your client. I will say this: Right now based on things that are happening in this world and in this country, and particularly in business, you know, I'm not sure totally why everybody's waiting on certain cases. They may have their own reasons. They may think or know better than the Court knows what's coming down the road that might affect their cases.

We have several big cases in this district where we have -- whether it's plaintiffs or defendants, people are hedging their bets, because they don't know how the things in the world might adjust their situations and their cases. Just like we don't even know what lawyers are being adjusted here in our building on criminal cases. There's so much going on in the Capitol right now, and changes being made left and right. And a lot of them are corporate changes. People of big corporations are changing things because things are changing, rules are changing.

So I'm going to take it on faith that that's not what's been causing this delay. You are asking for -- you're asking for more time.

MR. BARENBAUM: Correct, Your Honor.

THE COURT: And right now the Court's going to give it. Everybody seems to be agreeing to this, correct?

MR. BARENBAUM: Correct.

MR. SKAKUN: Correct, Your Honor.

THE COURT: All right. So the Q1 will put us to when? You said March?

MR. BARENBAUM: Correct. If it were filed on the last day, it would be the last day of March.

THE COURT: All right. So right now that's the date I'm going to give you. March 31st will be extension of time to file your second amended complaint.

MR. BARENBAUM: Your Honor, may I be heard on -- one moment.

THE COURT: Yes.

MR. BARENBAUM: What we had hoped -- what we're asking for and hope to get was a certain amount of time beyond that. Because once the restatement comes out, we need to work with our expert consultants and our investigators to make sure that we run down new things and to analyze it. What we had proposed, and it may be too long for Your Honor, is 75 days after that.

THE COURT: Too long.

MR. BARENBAUM: We could certainly truncate that.

THE COURT: Too long.

MR. BARENBAUM: Okay.

THE COURT: Too long. Now, let me tell you this, and this is more for the defense than you: So the other option

when I look at that, because it's just basically I have this case hanging here --

MR. BARENBAUM: Yes.

THE COURT: -- with nothing being done.

MR. BARENBAUM: Yes.

THE COURT: All right. If the shoe was on the other foot, defense would be yelling and screaming, hey, they brought the case. They should be thrown out for lack of prosecution, you know. I mean, they're not doing their case. So, so what I want to do here is move this case forward.

MR. BARENBAUM: Understood.

THE COURT: And one way we're going to do it is, you know, if they don't have those numbers that they need to proceed with their case, I'll go ahead and let them file their second amended complaint, and they'll be able to amend it again once they get the numbers. That's the direction we're going in right now.

MR. SKAKUN: Of course, Your Honor.

THE COURT: All right. As long as --

MR. SKAKUN: And to be clear --

THE COURT: As long as you all understand that's where I'm going with this.

MR. SKAKUN: Absolutely, Your Honor.

THE COURT: Okay.

MR. SKAKUN: And I want to be very clear too, we're

okay with that.

THE COURT: Okay.

MR. SKAKUN: I believe and I, I know from talking with Mr. Barenbaum, he agrees it would be most efficient for Your Honor, as well as us to wait until after the restatement comes out. But I don't think either of us are opposed to this. I just think it's going to lead to a lot of waste -- I'm sorry. Opposed to doing the amended complaint before the restatement. I think it's going to lead to a lot of wasted time.

THE COURT: Well, again, right now I'm going to pause it as you're asking. All right. And definitely 75 days isn't going to do it.

MR. BARENBAUM: Understood.

THE COURT: I'll push it out another month.

MR. BARENBAUM: Okay.

THE COURT: All right. So we'll go to the end of April.

MR. BARENBAUM: Okay.

THE COURT: All right. But that's when I want a status. And right now that's even going to be status, also your due date. But if you need more time for that, then the Court will assume you'll be asking for time because you've already gotten these numbers from Q1.

MR. BARENBAUM: Understood.

THE COURT: And that you now say because we reviewed

this, we need more time. That's different from just saying we haven't gotten it yet. We're waiting, and they keep telling you we're going to get it to you. We just haven't gotten it to you yet. There's changes. It's cold. There's the holidays. No. We're not just going to skate along like that. All right.

MR. BARENBAUM: Absolutely, Your Honor. And I totally understand that, and we can take that.

THE COURT: All right. It also sounds like everybody is trying to work together. I appreciate that. So -- and, you know, he wants to come back because it's Chicago. All right.

MR. SKAKUN: Come back in the summer. It will be great.

THE COURT: Yes.

MR. BARENBAUM: I'll be back in the summer.

THE COURT: Summer is better, yes. Summer is better. All right. So let's have a status date for me the last -- at the end of April, Yvette. So where does that put us?

THE CLERK: April 30th.

THE COURT: April 30th. And I will have in the order the due date for your amended motion.

MR. BARENBAUM: Thank you, Your Honor.

THE COURT: Your amended pleading. All right.

MR. BARENBAUM: Thank you.

THE COURT: Thank you. All right.

MS. GILDEN: Thank you, Your Honor.

THE COURT:  All right.  Take care.  Thank you.  Safe travels.

MR. SKAKUN:  Have a wonderful weekend.

MR. BARENBAUM:  Thank you so much.  Nice to see you.

THE COURT:  Stay warm.

(Concluded at 11:08 a.m.)

* * * * *

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter.


/s/ TRACEY D. McCULLOUGH                    January 30, 2025
TRACEY D. McCULLOUGH, CSR, RPR
Official Court Reporter